**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **ASCENT AVIATION, LLC, A** | § | |
| **TEXAS Limited Liability Company,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:23-cv-00101** |
| | § | |
| **DENNIS SMITH, an individual,** | § | |
| **ROBIN McCRACKEN, an individual,** | § | |
| **AERO TITLE, an OKLAHOMA** | § | |
| **TITLE COMPANY, And DOES 1-10,** | § | |
| **Inclusive,** | § | |
| | | |
| **Defendants.** | | |

**DEFENDANT'S ANSWER AND COUNTERCLAIM TO**
**PLAINTIFF'S ORIGINAL PETITION**

COMES NOW Defendant, Dennis Smith ("Smith" or "Defendant"), by and through the undersigned counsel, and files this Answer and Counterclaim to Plaintiff's Original Petition.

**A. DISCOVERY-CONTROL PLAN**

1.     Paragraph 1 is inapplicable and does not require a response based on the removal to this Court. To the extent a response is required or any facts alleged, Smith denies the allegations and averments set forth in paragraph 1.

**B. RELIEF SOUGHT**

2.     Smith denies that Plaintiff is entitled to any relief or recovery whatsoever in this action and denies that Plaintiff is entitled to relief or recovery as set forth in paragraph 2. Accordingly, Smith denies the allegations and averments set forth in paragraph 2.

## C.  PARTIES AND SERVICE OF CITATION

3.      Smith admits the allegations and averments set forth in paragraph 3.

4.      Smith admits the allegations and averments set forth in paragraph 4.

5.      Smith admits the allegations and averments set forth in paragraph 5.

6.      Smith admits that Defendant Aeronautical Title and Escrow Service, LLC ("Aero Title") is a limited liability company located in Oklahoma, and that it holds $50,000 in escrow as part of the sale of On Eagle Wings 1, LLC to Plaintiff.  Smith denies the remaining allegations and averments set forth in paragraph 6 and specifically denies that Smith failed to satisfy all the terms and conditions of the Sale and Purchase Agreement.

7.      Paragraph 7 merely alleges the existence of certain fictitious Doe defendants not presently named and contains a reservation of rights to later amend and name such defendants.  To the extent paragraph 7 alleges any facts, Smith denies the allegations and averments set in paragraph 7.

8.      Smith denies the allegations and averments set forth in paragraph 8.

## D.  JURISDICTION

9.      Smith states that the terms of the Sale and Purchase Agreement speak for themselves.  Smith admits that the court has subject matter jurisdiction over this proceeding and that the Sale and Purchase Agreement states it shall be construed under Texas law with venue in Galveston County, Texas.  However, Smith denies that Plaintiff is entitled to any relief or recovery whatsoever in this action.

## E.  VENUE

10.     Smith admits that venue is proper in this District; however, Smith denies liability for the claims asserted and denies that Plaintiff is entitled to any relief or recovery whatsoever in this action.

## F.  FACTS OF INCIDENT

11.     Smith admits the allegations and averments set forth in the first sentence of paragraph 11.  Smith admits that a copy of the Sale and Purchase Agreement is attached as Exhibit A to the Petition.  Smith states that the terms of the Sale and Purchase Agreement speak for themselves.  Smith admits that Plaintiff refused to authorize the release of the remaining $50,000 held in escrow by Aero Title.  Smith denies the remaining allegations and averments set forth in paragraph 11.

12.     Smith denies the allegations and averments set forth in paragraph 12.

13.     Smith denies the allegations and averments set forth in paragraph 13.

14.     The first sentence of paragraph 14 does not include any factual allegations but represents a purported statement of the law.  Smith admits that he stated that the Part 135 Certificate was active.  Smith denies the remaining allegations and averments set forth in paragraph 14.

15.     Smith admits that he did not authorize the release of certain materials to Plaintiff while Plaintiff was wrongfully refusing to authorize the release of benchmark payments, which refusal was a material breach of the Sale and Purchase Agreement.  Smith admits that he ultimately authorized the release of the materials despite Plaintiff's ongoing

material breach.   Smith denies the remaining allegations and averments set forth in paragraph 15.

16.    Smith denies the allegations and averments set forth in paragraph 16.

17.    Smith denies the allegations and averments set forth in paragraph 17.

18.    Smith denies the allegations and averments set forth in paragraph 18 and denies that Plaintiff is entitled to any relief or recovery whatsoever in this action.

## G. CAUSES OF ACTION

### COUNT 1:          BREACH OF WRITTEN CONTRACT
### (AGAINST DENNIS SMITH, INDIVIDUALLY)

19.    In response to paragraph 19, Smith incorporates by reference the specific responses to paragraphs 1-18 above.   Smith denies that he materially breached the Sale and Purchase Agreement and denies that Plaintiff is entitled to any relief or recovery whatsoever in this action.   Unless expressly admitted herein, Smith denies the allegations and averments set forth in paragraph 19.

### COUNT 2:          COMMON LAW FRAUD
### (AGAINST DENNIS SMITH, INDIVIDUALLY, AND
### ROBIN McCRACKEN, INDIVIDUALLY)

20.    In response to paragraph 20, Smith incorporates by reference the specific responses to paragraphs 1-19 above.

21.    Smith admits that he represented that the Part 135 Certificate was active and valid.  Smith denies the remaining allegations and averments set forth in paragraph 21.

22.    Smith denies the allegations and averments set forth in paragraph 22.

23.    Smith denies the allegations and averments set forth in paragraph 23.

24.    Smith denies the allegations and averments set forth in paragraph 24.

25.    Smith denies the allegations and averments set forth in paragraph 25.

26.    Smith denies the allegations and averments set forth in paragraph 26.

27.    Smith denies the allegations and averments set forth in paragraph 27 and denies that Plaintiff is entitled to any relief or recovery whatsoever in this action.

**COUNT 3:        NEGLIGENT MISREPRESENTATION (AGAINST DENNIS SMITH, INDIVIDUALLY, AND ROBIN McCRACKEN, INDIVIDUALLY)**

28.    In response to paragraph 28, Smith incorporates by reference the specific responses to paragraphs 1-27 above.

29.    The first three sentences of paragraph 29 do not include any factual allegations but represent a purported statement of the law.  To the extent any facts are alleged requiring a response, Smith denies the allegations and averments set forth in paragraph 29, denies that he is liable for negligent misrepresentation, and denies that Plaintiff is entitled to any relief or recovery whatsoever in this action.  Smith denies the allegations and averments set forth in the final sentence of paragraph 29.

30.    Paragraph 30 does not include any factual allegations but represents a purported statement of law.  To the extent any facts are alleged requiring a response, Smith denies the allegations and averments set forth in paragraph 30, denies that he is liable for negligent misrepresentation, and denies that Plaintiff is entitled to any relief or recovery whatsoever in this action.

31.     Smith denies the allegations and averments set forth in paragraph 31 and denies that Plaintiff is entitled to any relief or recovery whatsoever in this action.

32.     Smith denies the allegations and averments set forth in paragraph 32 and denies that Plaintiff is entitled to any relief or recovery whatsoever in this action.

**COUNT 4:       TURNOVER OF FUNDS
                 (AGAINST AERO TITLE ONLY)**

33.     In response to paragraph 33, Smith incorporates by reference the specific responses to paragraphs 1-32 above.

34.     Smith denies the allegations and averments set forth in paragraph 34.

35.     Smith denies the allegations and averments set forth in paragraph 35 and denies that Plaintiff is entitled to any relief or recovery whatsoever in this action.

**COUNT 5:       CIVIL CONSPIRACY
                 (AGAINST   DENNIS   SMITH,   INDIVIDUALLY,   AND
                 ROBIN McCRACKEN, INDIVIDUALLY)**

36.     In response to paragraph 36, Smith incorporates by reference the specific responses to paragraphs 1-35 above.

37.     Paragraph 37 does not include any factual allegations but represents a purported statement of law.  To the extent any facts are alleged requiring a response, Smith denies the allegations and averments set forth in paragraph 37, denies the existence of a civil conspiracy, and denies that Plaintiff is entitled to any relief or recovery whatsoever in this action.

38.     Paragraph 38 does not include any factual allegations but represents a purported statement of law.  To the extent any facts are alleged requiring a response, Smith denies the allegations and averments set forth in paragraph 38, denies the existence of a civil conspiracy, and denies that Plaintiff is entitled to any relief or recovery whatsoever in this action.

39.     Smith denies the allegations and averments set forth in paragraph 39.

40.     Smith denies the allegations and averments set forth in paragraph 40.

## G.    NOTICE OF INITIAL DISCLOSURES[1]

41.     Paragraph 41 does not include any factual allegations, and because of the removal to this Court, the Texas Rules of Civil Procedure are inapplicable.  To the extent a response is required, Smith denies the allegations and averments set forth in paragraph 41.

## H. NOTICE THAT DOCUMENTS WILL BE USED

42.     Paragraph 42 does not include any factual allegations, and because of the removal to this Court, the Texas Rules of Civil Procedure are inapplicable.  To the extent any response is required or facts alleged, Smith denies the allegations and averments set forth in paragraph 42 and reserves all objections, including as to admissibility, as permitted under the Federal Rules of Evidence and the Federal Rules of Civil Procedure.

---

[1]     Plaintiff's Petition contains two separate sections labeled "G". For the sake of convenience and clarity, Smith's paragraph numbering tracks that in the Petition.

## I.  ATTORNEY'S FEES 7 NOTICE OF EXPERT DESIGNATION

43.    Smith denies the allegations and averments set forth in paragraph 43 and denies that Plaintiff is entitled to any relief or recovery whatsoever in this action, including but not limited to the recovery of attorneys' fees.

44.    Paragraph 44 does not include any factual allegations.  To the extent any response is required or facts alleged, Smith denies the allegations and averments set forth in paragraph 44 and reserves all rights to object to any expert designation as provided under the Federal Rules of Civil Procedure.

## J.  OBJECTION TO ASSOCIATE JUDGE

45.    Paragraph 45 does not include any factual allegations and is inapplicable as a result of the removal to this Court.  To the extent any response is required or facts alleged, Smith denies the allegations and averments set forth in paragraph 45

## K. PRAYER

46.    Smith specifically denies the allegations, averments, and claims for entitlement to relief set forth in the "PRAYER" section of the Petition.  Smith specifically denies that Plaintiff is entitled to any relief or recovery as requested in the Petition, and Smith prays that Plaintiff take nothing in this action.  Smith requests that the relief requested by Plaintiff in this action be denied.

47.    Except as specifically and expressly hereinabove admitted, Smith denies each and every allegation and averment set forth in the Petition, and Smith hereby requests proof of each and every allegation and averment not expressly admitted by Smith herein.

## AFFIRMATIVE DEFENSES

48.     Plaintiff's claims in this action should be dismissed for failure to state a claim upon which relief can be granted.

49.     Plaintiff's breach of contract claim fails because of Plaintiff's prior, material and ongoing breaches of the Sale and Purchase Agreement, including without limitation Plaintiff's failure and refusal to pay the remaining purchase price of $50,000 or to authorize release of such amount from escrow.

50.     Plaintiff's tort claims are barred under the doctrines of disclaimer, merger and/or waiver, including without limitation based on Section 8.04 (Entire Agreement) of the Sale and Purchase Agreement.

51.     Plaintiff's tort claims are barred under the economic loss rule in that the Plaintiff is entitled to no recovery because the alleged economic losses consist only of the economic loss of a contractual expectance.

52.     Plaintiff's tort claims are barred because there is no independent duty outside of any contractual obligation.

53.     Plaintiff's tort claims are barred because the allegations are nothing more than an alleged breach of contract.

54.     Plaintiff's tort claims are barred because any purported misleading statements were not false when made.

55.     Plaintiff's tort claims are barred because any alleged misrepresentations were made in honesty and good faith.

56.     Plaintiff's tort claims are barred because Plaintiff did not rely on any representations made by Smith.

57.     Plaintiffs' claims are barred due to ratification.

58.     Plaintiff's tort claims are barred to the extent Plaintiff's own acts or omissions contributed to the alleged injury.

59.     Plaintiff's negligent misrepresentation claim is barred as a result of the lack of any relationship sufficient to impose a duty on Smith regarding any alleged statements or representations.

60.     Plaintiff's civil conspiracy claim is barred to the extent only one person or legal entity was involved in the conspiracy alleged.

61.     Plaintiff's claims are barred, in whole or in part, because of offset.

62.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

63.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

64.     By pleading the foregoing affirmative defenses, Smith does not undertake any burden of proof or production not otherwise imposed on him by law.

65.     Smith reserves any and all affirmative defenses available to him under applicable law, the Federal Rules of Civil Procedure, the rules of this Court, or otherwise in law or equity, now existing, or later arising, as may be discovered.

## COUNTERCLAIM

## BREACH OF CONTRACT

66.     Plaintiff and Smith entered into the Sale and Purchase Agreement on or about January 11, 2019.  Pursuant to the Sale and Purchase Agreement, Smith agreed to transfer his membership interest in On Eagles Wing 1 LLC to Plaintiff in exchange for payment from Plaintiff in the amount of $175,000.

67.     Smith performed all of his obligations under the Sale and Purchase Agreement, including transfer of his membership interests in On Eagles Wings 1 LLC.

68.     Plaintiff breached and continues to breach the Sale and Purchase Agreement by failing and refusing to pay and/or to authorize Aero Title to release from escrow the remaining $50,000 of the purchase price.

69.     All conditions precedent to Plaintiff's obligation to pay or to authorize release from escrow have been satisfied, discharged, or otherwise excused.

70.     Smith is entitled to damages against Plaintiff in the amount of $50,000, plus prejudgment interest at the rate of six percent (6%) per annum pursuant to Texas Finance Code §302.002.

71.     Smith is further entitled to a declaration that the $50,000 held in escrow with Aero Title be released to Smith immediately.

72.     Smith is further entitled to recovery of his attorney fees incurred in this case pursuant to Section 8.02 of the Sale and Purchase Agreement and Texas Civil Practice Remedies Code §38.001.

FOR THESE REASONS, Defendant Smith hereby requests that this Court enter judgment in favor of Defendant Smith and against Plaintiff as follows:

A.      Finding in favor of Defendant Smith on all of Plaintiff's claims for relief;

B.      Dismissing Plaintiff's claims with prejudice;

C.      Finding in favor of Defendant Smith on his counterclaim, and awarding Defendant Smith damages against Plaintiff in the amount of $50,000 plus prejudgment interest at 6% per annum;

D.      Awarding Smith post-judgment interest as allowed under applicable law;

E.      Declaring that the $50,000 held in escrow by Aero Title be immediately released to Defendant Smith;

F.      Awarding Defendant Smith his reasonable attorney fees and costs incurred; and,

G.      Granting such other and further relief as the Court deems just or equitable.


DATED: April 7, 2023

Respectfully submitted,

**STREUSAND, LANDON, OZBURN & LEMMON, LLP**

*/s/ G. James Landon*
G. James Landon (Lead Attorney)
State Bar No. 24002445
landon@slollp.com
Rhonda Mates
State Bar No. 2404049
mates@slollp.com
1801 S. MoPac Expressway, Suite 320

Austin, TX 78746
(512) 236-9902 (Telephone)
(512) 236-9904 (Facsimile)

**ATTORNEYS FOR DEFENDANT
DENNIS SMITH**

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing instrument has been served on this 7th day of April 2023, served via this Court's CM/ECF notification system to those parties registered for service upon filing of the same, including the following:

Edward A. Rose, Jr.
**Edward A. Rose Jr. Attorney at Law**
3027 Marina Bay Drive, Ste. 208
League City, TX 77074
edrose@edroseattorneycpa.com

Kent Motamedia
**Motamedia Law, PLLC**
952 Echo Lane, Ste, 320
Houston, TX 77024
kent@motamedilaw.com

***Attorneys for Plaintiff
Ascent Aviation, LLC***

*/s/ G. James Landon*
G. James Landon